2014 ND 130

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Michael David CONE, Defendant and Appellant.**

No. 20130236.

Supreme Court of North Dakota.

June 24, 2014.

Jaimee F.E. Towers (argued) and Kelly A. Dillon (appeared), Assistant State's Attorneys, Minot, N.D., for plaintiff and appellee.

Tom P. Slorby, Minot, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Michael Cone appeals a criminal judgment entered after a jury found him guilty of aggravated assault. Cone argues the district court erred in denying his requested remedy for a discovery violation, the court erred in admitting evidence of his prior criminal convictions, the State committed prosecutorial misconduct and the court erred in allowing the State to comment on attorney-client privilege. We affirm the judgment.

I

[¶ 2] In July 2012, the State charged Cone with aggravated assault and with felonious restraint, alleging he punched the complainant in the face and broke her nose.

[¶ 3] Cone requested discovery, and the State filed a response to the request. In October 2012, Cone requested discovery under N.D.R.Crim. P. 16, including a request for records of the witnesses' prior criminal convictions. The State filed a response listing the names of potential witnesses and stating the witnesses' criminal history was attached, but no documents were attached to the filed response. In a November 19, 2012 letter to the State, Cone's attorney requested information related to the complainant's criminal history and for police reports for various incidents he alleged involved the complainant. Cone did not file anything else related to his discovery requests until he requested the State supplement its response to his discovery request on July 12, 2013. Cone's request stated he believed the complainant had been arrested or charged with various offenses since the charges were filed in this case.

[¶ 4] A jury trial was held on July 22–24, 2013. The State provided Cone with the complainant's criminal history on the morning of the first day of the trial. Cone

argued the State's disclosures violated discovery rules and requested the complainant not be allowed to testify at the trial. Cone also requested the State provide copies of police reports related to the complainant's criminal history. The court found the State had not complied with discovery requests, but said the failure was not a violation of constitutional rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and was not necessarily a violation of N.D.R.Crim. P. 16. The court ordered the State to provide copies of the police reports to Cone by 7:00 p.m. that day. The court also ordered the complainant to be available for questioning outside the jury's presence to allow Cone to prepare for questioning the complainant in front of the jury. The court adjourned for the day to allow the State to produce the police reports and to give Cone time to prepare. Cone received copies of the police reports.

[¶ 5] The next day, July 23, 2013, Cone's attorney stated he was not ready for trial because he did not have enough time to prepare and Cone would be denied effective assistance of counsel if the trial proceeded. Cone requested the court exclude any testimony from the complainant or grant a mistrial or a continuance. The court ordered the trial to proceed and denied Cone's motion to exclude the complainant's testimony, but stated Cone would be given more time during the trial if he needed to review records and the court would subpoena witnesses if needed.

[¶ 6] Cone, the complainant, and other witnesses testified during the trial. Before Cone testified, he moved to exclude any evidence about his prior misdemeanor assault convictions. The State argued it could use evidence of Cone's criminal history as rebuttal evidence under N.D.R.Ev. 404 because Cone was allowed to question the complainant about her history of violence. The court reserved ruling on the motion until Cone testified to determine whether a question existed about his character and whether he had a propensity for violence. Cone decided to testify, and his attorney advised the court he was going to question Cone about his criminal history in view of the court's ruling that it was going to admit evidence of Cone's prior acts of violence. Cone testified about his prior misdemeanor assault convictions. The jury found Cone guilty of aggravated assault, but found him not guilty of felonious restraint.

## II

[¶ 7] Cone argues the district court did not provide a sufficient remedy for the State's discovery violation. Cone claims he did not have sufficient time to prepare for the trial after he received information about the complainant's criminal history and the court should not have allowed the complainant to testify or it should have granted a continuance or mistrial as a remedy for the discovery violation.

[¶ 8] When a party has shown a discovery violation, the district court has discretion in applying a remedy under N.D.R.Crim. P. 16(d)(2). *State v. Blunt*, 2011 ND 127, ¶ 10, 799 N.W.2d 363. In *State v. Muhle*, 2007 ND 131, ¶ 25, 737 N.W.2d 636 (citation omitted), we said the court "should impose the least severe sanction that will rectify the prejudice, if any, to the opposing party." The court's decision will not be reversed on appeal unless the court abused its discretion. *Blunt*, at ¶ 10. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* The court's decision about discovery violations and sanctions is

not reversible error unless the defendant was denied a substantial right. *Id.* at ¶ 11. A defendant has not been denied a substantial right "unless [he] was significantly prejudiced by the violation." *Id.* A court's decision not to exclude evidence or impose other sanctions does not constitute an abuse of discretion if the defendant fails to show he was significantly prejudiced by the violation. *Id.*

[¶ 9] Cone argues the district court's remedy for the discovery violation was not sufficient. His argument assumes a discovery violation occurred, but he does not specify whether it was a violation of N.D.R.Crim. P. 16 or a *Brady* violation. The district court did not rule the State violated N.D.R.Crim. P. 16 and the court specifically found a *Brady* violation did not exist. Cone does not argue the court erred in finding a *Brady* violation did not occur. Because Cone did not provide any argument supporting his claim of a discovery violation, we will not decide whether the State violated N.D.R.Crim. P. 16. *See Engstrom v. N.D. Dept. of Transp.,* 2011 ND 235, ¶ 17, 807 N.W.2d 602 (arguments not adequately supported will not be considered).

[¶ 10] However, even if we assume a discovery violation occurred under N.D.R.Crim. P. 16, the district court did not abuse its discretion in applying a remedy. The court delayed the start of the trial and ordered that Cone have an opportunity to review the police reports and examine the complainant outside the presence of the jury to prepare for questioning during the trial. The court also advised Cone that it would issue subpoenas for any police officers he wanted to question about the complainant's criminal history and that he would be given more time during the trial if he needed to review records. The court's order was directed at remedying any potential violation and rectifying any

potential prejudice. Cone has not explained why the court's remedies were not sufficient or how he was significantly prejudiced by the alleged violation despite the remedies provided. We conclude the court did not abuse its discretion by refusing to exclude the complainant's testimony or by refusing to grant a continuance or a mistrial.

III

[¶ 11] Cone argues the court erred in admitting evidence of his misdemeanor assault convictions. He contends the evidence was not admissible under N.D.R.Ev. 404 or 609 and the court's decision to allow the evidence forced him to choose to testify about the convictions or not to testify at all. He claims there was no purpose for the evidence, other than to impugn his character and attempt to show he acted in conformity in this case. He also argues the State failed to provide the required notice under N.D.R.Ev. 404(b).

[¶ 12] We review a district court's evidentiary rulings under an abuse of discretion standard. *State v. Wacht,* 2013 ND 126, ¶ 23, 833 N.W.2d 455; *State v. Aabrekke,* 2011 ND 131, ¶ 11, 800 N.W.2d 284. A "court abuses its discretion when its decision is arbitrary, capricious, or unreasonable, or when the court misapplies or misinterprets the law," or when its decision is not the product of a rational mental process leading to a reasoned determination. *Aabrekke,* at ¶ 11.

[¶ 13] Rule 609, N.D.R.Ev., governs impeaching a witness by evidence of a criminal conviction and allows a party to present evidence of felony convictions under certain conditions, or evidence of any conviction regardless of punishment if the elements of the crime required proof of a dishonest act or false statement. Cone's misdemeanor assault convictions were not

admissible under N.D.R.Ev. 609 because they did not require proof of a dishonest act or false statement.

[¶ 14] Rule 404(b), N.D.R.Ev., provides the general rule for the admission of evidence of other crimes, wrongs, or acts and provides:

"(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

"(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial or during trial if the court, for good cause, excuses lack of pretrial notice."

"The rule recognizes the inherent prejudicial effect prior bad-act evidence may have on the trier of fact and limits the admissibility of that evidence to specifically recognized exceptions." *Aabrekke*, 2011 ND 131, ¶ 8, 800 N.W.2d 284. A district court must apply a three-step analysis to determine whether evidence of prior crimes or bad acts is admissible:

"1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence

presented, without consideration of the evidence of the prior acts."

*Id.* at ¶ 9 (citation omitted). "[T]he court must also consider whether ... the probative value of the evidence outweighs any possible prejudicial effect." *Id.* at ¶ 10 (citation omitted).

[¶ 15] Cone contends his misdemeanor assault convictions were not admissible under this rule and the court erred in admitting the evidence. Cone moved to exclude evidence about those convictions. The district court stated the admission of the evidence depended on whether Cone testified and whether a question existed as to his character and a propensity for violence. The court reserved ruling on the motion, stating it would "address that at the time when it comes into play, if that's the case, should the defense open that door." Before Cone testified at the trial, his attorney advised the court that he was going to ask Cone on direct examination about his prior assault convictions in light of the court's ruling that it was going to admit evidence of Cone's prior misdemeanor assault convictions.

[¶ 16] We were unable to find the court's ruling or an explanation of its decision to admit this evidence in the record, and Cone stated during oral argument that the ruling was not included in the trial transcript because transcripts of the bench conferences were not provided for appeal. This Court ordered the district court to supplement the record regarding the bench conference containing the court's decision admitting the evidence or to supplement the record with an appropriate statement or stipulation of the court's decision based on the counsels' and the judge's recollection of the ruling if a transcript could not be provided. The district court provided copies of transcripts of the bench conferences, but the transcripts do not in-

clude a ruling on Cone's motion to exclude evidence of his prior convictions. The court provided a written statement, stating:

> "The reference ... is [Cone's attorney] stating ... that '... Michael Cone will be the next witness, and in view of the Court's ruling regarding evidence of acts of violence on his part, and indicating it's going to admit that, then I'm ...'. This conclusion, as stated by [Cone's attorney], is not correct. The Court did not rule on his motion in limine[.]"

The court stated the misdemeanor convictions were not admissible under N.D.R.Ev. 609 or 404 and further said, "[Cone's attorney's] conclusion is of his own making."

[¶ 17] We have said, "[I]t is 'fundamental that where [a litigant] "opened the door" and "invited error" there can be no reversible error.'" *State v. Grager*, 2006 ND 102, ¶ 7, 713 N.W.2d 531 (quoting *Wagner v. Miskin*, 2003 ND 69, ¶ 16, 660 N.W.2d 593). The district court did not deny Cone's motion or rule the evidence of his prior misdemeanor convictions was admissible. Cone presented the evidence of his prior misdemeanor convictions, and the State cross-examined Cone about the convictions after Cone presented the evidence. Based on this record, any error in the admission of the evidence was invited and is not reversible error.

## IV

[¶ 18] Cone argues the State committed prosecutorial misconduct multiple times during the trial. We recognize prosecutorial misconduct may "so infect the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Kruckenberg*, 2008 ND 212, ¶ 20, 758 N.W.2d 427 (quoting *State v. Thiel*, 411 N.W.2d 66, 71 n. 2 (N.D.1987)).

In reviewing a claim of prosecutorial misconduct, we have said:

> "We first determine whether the prosecutor's actions were misconduct and, if they were, then we examine whether the misconduct had prejudicial effect. To determine whether a prosecutor's misconduct rises to a level of a due process violation, we decide if the conduct, in the context of the entire trial, was sufficiently prejudicial to violate a defendant's due process rights.... Our review is limited to determining if the prosecutor's conduct prejudicially affected the defendant's substantial rights, so as to deprive the defendant of a fair trial."

*State v. Estrada*, 2013 ND 79, ¶ 28, 830 N.W.2d 617 (quoting *State v. Vondal*, 2011 ND 186, ¶ 12, 803 N.W.2d 578). Inappropriate prosecutorial comments, alone, do not justify reversal of a conviction obtained in an otherwise fair proceeding. *State v. Evans*, 2013 ND 195, ¶ 26, 838 N.W.2d 605.

[¶ 19] Cone quotes various statements the prosecutor made during the trial, asserting the statements were not appropriate, but he does not provide any further argument or support for his claim the statements constitute misconduct. Furthermore, he does not argue the alleged misconduct had any prejudicial effect. Cone failed to present any supportive reasoning or citations to relevant authorities in support of his argument. "Courts need not consider arguments not adequately supported and briefed." *Datz v. Dosch*, 2014 ND 102, ¶ 18, 846 N.W.2d 724. Cone's conclusory assertions the prosecutor's statements were inappropriate are not sufficient.

## V

[¶ 20] Cone argues the court erred in allowing the State to comment on attorney-client privilege. He contends the State's questions about attorney-client

privilege were improper under N.D.R.Ev. 512.

[¶ 21]   An attorney who initially represented Cone testified the complainant contacted him about the case, indicating she wanted to give a sworn statement.   The attorney testified about the statements she made to him.   On cross-examination, the State asked the attorney about attorney-client privilege in general, whether he was barred from disclosing any admissions a client made during the representation and if a privilege would exist to anything Cone may have said to him.   Cone's attorney objected, arguing the State's questions about privilege, even in the abstract, were improper.   The court overruled the objection and stated, "He's just asking of privilege[.]"   The State did not ask the attorney any further questions about his representation of Cone.

[¶ 22]   Rule 512, N.D.R.Ev., provides: "(a) Comment or Inference Not Permitted.   A claim of privilege, whether in the present proceeding or upon a previous occasion, is not a proper subject of comment by judge or counsel.   No inference may be drawn from the claim.
"(b) Claiming Privilege Without Knowledge of Jury.   In jury cases, proceedings must be conducted, to the extent practicable, so as to facilitate the making of claims of privilege without the knowledge of the jury.
"(c) Jury Instruction.   Upon request, any party against whom the jury might draw an adverse inference from a claim of privilege is entitled to an instruction that no inference may be drawn from the claim."

[¶ 23]   In this case, no claim of privilege was made.   The State was not commenting on or drawing an inference from a claim of privilege; rather the State asked whether a privilege would exist to anything Cone may have said to the attorney.   *Cf.   State*

*v.   Lange,* 497 N.W.2d 83, 88 (N.D.1993) (party was not permitted to cross-examine the complainant on her refusal to release her counseling records under N.D.R.Ev. 512, after she invoked her privilege not to release the records).   The State's questions did not violate N.D.R.Ev. 512, and Cone does not argue the State's questions constituted prosecutorial misconduct.

## VI

[¶ 24]   We conclude the district court did not abuse its discretion in denying Cone's requested remedy for an alleged discovery violation and Cone invited any error by testifying about his prior criminal convictions before the court ruled on his motion to exclude the evidence.   We considered the other issues Cone raised and determine they either are frivolous or are without merit and do not affect the outcome of the appeal.   We affirm the judgment.

[¶ 25]   GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.