2015 ND 11

STATE of North Dakota, Plaintiff and Appellee

v.

Sean Michael KOVALEVICH, Defendant and Appellant.

No. 20140091.

Supreme Court of North Dakota.

Jan. 15, 2015.

Mark J. McCarthy, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee.

Clint D. Morgenstern, Grand Forks, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Sean Kovalevich appeals from a criminal judgment entered after a jury found he was guilty of gross sexual imposition and corruption of a minor. Kovalevich argues the district court erred in denying his motion for a new trial and his motion to dismiss under N.D.R.Crim.P. 16. We affirm.

## I

[¶ 2] Kovalevich was charged with two counts of gross sexual imposition and one count of corruption of a minor. The State alleged Kovalevich engaged in a sexual act with a minor female at Canad Inns, a hotel in Grand Forks.

[¶ 3] At the October 2013, jury trial a Canad Inns employee testified about the hotel's reservation system and the hotel's records for Kovalevich's reservation at the hotel, including confirmation of reservations to stay at the hotel February 3–6, 2012, and August 13–15, 2012. The documents confirming the reservations were admitted into evidence. The employee also testified a registration document is generated and signed by the guest when the guest checks in at the hotel. The employee began testifying about the registration document for one of Kovalevich's confirmed reservations, but his lawyer objected and argued the registration documents had not been disclosed during discovery. The court limited the witness's testimony, and the registration documents were not introduced into evidence.

[¶ 4] During the trial, the State gave Kovalevich's lawyer copies of receipts for a hotel in Fargo, the Ramada Plaza and Suites. The receipts showed payment for a room reservation in Kovalevich's name for February 6–7, 2012, and August 15–16, 2012. The receipts were not introduced as evidence during the trial, and Kovalevich did not request a continuance to allow him to review the documents. Kovalevich was found guilty of all three counts.

[¶ 5] After the court polled the jurors and each juror stated the verdict was his or her true verdict, Kovalevich requested the court allow him to question the jurors about whether they considered the testimony about the Canad Inns registration documents in reaching a verdict. The court denied his request to question jurors at that time.

[¶ 6] On November 14, 2013, Kovalevich moved for a new trial under N.D.R.Crim.P. 33. He argued evidence was improperly admitted and he was denied the opportunity to question jurors and discover whether juror misconduct occurred. The district court denied his motion, ruling the issues were not adequately raised, the evidence was properly admitted, and Kovalevich was not precluded from inquiring into the validity of the verdict.

[¶ 7] In a January 6, 2014, letter, the State provided further discovery material to Kovalevich. Copies of the Ramada Plaza receipts, which were previously provided to Kovalevich during the trial, and an investigation report about the receipts were attached to the State's letter. The investigation report, prepared by the Bureau of Criminal Investigation, had not been transcribed at the time of the trial.

[¶ 8] On January 29, 2014, Kovalevich moved to dismiss under N.D.R.Crim.P. 16, arguing the State failed to disclose exculpatory evidence. He claimed the evidence disclosed on January 6, 2014, was important because it showed he was not in Grand Forks County on the date one of the alleged crimes occurred. After a hearing, the district court denied the motion, ruling it was denying the motion on procedural grounds because it was unable to grant any post-trial relief under N.D.R.Crim.P. 16. The court also said it would address the issues raised in the motion if Kovalevich properly raised the issues in accordance with the Criminal Rules of Procedure. A criminal judgment was subsequently entered.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Kovalevich's appeal is timely under N.D.R.App.P. 4(b). This

Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06..

## II

[¶ 10] We apply an abuse of discretion standard in reviewing a district court's decision on a motion for a new trial under N.D.R.Crim.P. 33. *State v. Ratliff*, 2014 ND 156, ¶ 13, 849 N.W.2d 183. A court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or it misinterprets or misapplies the law. *Id.* A defendant is required to assert all alleged errors with particularity in a motion for a new trial. *Id.* at ¶ 24; N.D.R.Crim.P. 33(a). "[A]lthough a motion for a new trial is not necessary to preserve issues for appellate review, when a new trial is sought, a defendant is limited on appeal to the grounds presented to the district court in the motion for a new trial." *State v. Yarbro*, 2014 ND 164, ¶ 9, 851 N.W.2d 146.

## III

[¶ 11] Kovalevich argues the district court erred in failing to grant his post-trial motion to dismiss under N.D.R.Crim.P. 16. He claims the Canad Inns registration documents and the receipts from the Ramada Plaza in Fargo were not properly disclosed during the discovery process, the Ramada Plaza receipts were exculpatory evidence, and the court may dismiss the case under N.D.R.Crim.P. 16 as a remedy for the discovery violation.

[¶ 12] Kovalevich was provided with copies of the Ramada Plaza receipts during the trial and the failure to disclose the Canad Inns registration documents was raised during the trial. Kovalevich, however, did not raise the discovery violation issues in his motion for a new trial. He did not move to dismiss under N.D.R.Crim.P. 16 until after the district court denied his motion for a new trial. The State opposed Kovalevich's motion, arguing the motion was procedurally flawed because a motion under N.D.R.Crim.P. 16 cannot be filed after trial. After a hearing, the court denied the motion on procedural grounds, explaining:

> The court is unable to grant any of the relief available pursuant to N.D.R.Crim.P. 16 post trial. This court will not address any of the merits of the arguments presented by the parties and will deny [Kovalevich's] motion on procedural grounds. Should [Kovalevich] wish to raise these matters in accordance with the Criminal Rules of Procedure, this court would certainly address the merits of the argument.

[¶ 13] Rule 16, N.D.R.Crim.P., governs pretrial discovery procedure in criminal cases. The rule also includes a continuing duty to disclose additional evidence or material discovered "before or during trial." N.D.R.Crim.P. 16(c). If a party fails to comply with N.D.R.Crim.P. 16 or with an order issued under the rule, the court may:

> (i) order that party to permit the discovery or inspection: specify its time, place and manner; and prescribe other just terms and conditions;
>
> (ii) grant a continuance;
>
> (iii) prohibit that party from introducing the undisclosed evidence;
>
> (iv) relieve the requesting party from making a disclosure required by this rule; or
>
> (v) enter any other order that is just under the circumstances.

N.D.R.Crim.P. 16(d)(2).

[¶ 14] Rule 16, N.D.R.Crim.P., governs discovery before and during trial; and does not include a provision authorizing a party to move post trial to dismiss. Other Rules of Criminal Procedure, however,

specifically provide procedure for a party to post-trial raise issues about alleged errors or defects. *See* N.D.R.Crim.P. 29; N.D.R.Crim.P. 33. Under N.D.R.Crim.P. 33(a), a defendant may move for a new trial based on alleged defects and errors and the court may vacate any judgment and grant a new trial to the defendant "if the interest of justice so requires." A motion for a new trial may be based on newly discovered evidence or on other grounds. N.D.R.Crim.P. 33(b). Rule 33, N.D.R.Crim.P., specifically provides a post-trial procedure for a defendant to argue defects and errors occurred, including discovery violations, and allows a court to grant a new trial if the interest of justice so requires. *See also State v. Blunt*, 2011 ND 127, ¶¶ 5, 21, 799 N.W.2d 363 (defendant moved post trial for a new trial or for a count to be dismissed based on allegations of a discovery violation under N.D.R.Crim.P. 16, reviewed as a motion for a new trial on appeal).

[¶ 15] Kovalevich was required to raise his discovery violation issues in a motion for a new trial. He did not raise these issues in his initial motion for a new trial and he did not file a second motion for new trial after he received evidence from the State on January 6, 2014. The State opposed the motion, arguing it was procedurally flawed because it did not conform with the Rules of Criminal Procedure. At the hearing on the motion, the district court requested Kovalevich clarify whether he was moving to dismiss under N.D.R.Crim.P. 16. Kovalevich continued to assert that he was moving to dismiss under N.D.R.Crim.P. 16. Kovalevich did not properly raise his discovery issues, and therefore the district court did not err in denying his motion.

IV

[¶ 16] Kovalevich argues the district court erred in denying his jury impeachment request under N.D.R.Ev. 606(b). He claims the court erred in failing to give a curative instruction after there was testimony about Canad Inns registration documents, which were not disclosed during discovery and were not admitted into evidence at the trial, and the jury may have impermissibly contemplated the testimony about the documents. He contends his counsel requested to inquire whether the jury considered the registration evidence and the court denied his request and prevented him from discovering whether there was juror misconduct.

[¶ 17] In denying Kovalevich's motion for a new trial, the court explained Kovalevich did not indicate what document he wanted to question the jurors about or whether the document was offered or received into evidence. The court also explained, "The jury was released after the verdict had been received. The jury was informed that they were free to now discuss this case, but that they were not obligated to speak with anyone about it. [Kovalevich] is free to conduct an investigation in accordance with N.D.R.Ev. 606(b)."

[¶ 18] A party may inquire into the validity of the verdict; a juror's testimony, however, is limited and the juror may not testify about any statements made during deliberations, the effect of anything on the juror or another juror's vote, or any juror's mental processes concerning the verdict. N.D.R.Ev. 606(b)(1). A juror may testify about the receipt of extraneous prejudicial information by the jury or improper outside influence, but the juror may not testify about its subjective effect on the verdict or on their individual deliberations. N.D.R.Ev. 606(b)(2); *Yarbro*, 2014 ND 164, ¶ 18, 851 N.W.2d 146.

[¶ 19] Kovalevich argues his attorney should have been allowed to question the

jurors about the testimony regarding the Canad Inns registration documents under N.D.R.Ev. 606(b)(2). A hotel employee testified about the registration process in general and began testifying about registration documents related to Kovalevich's reservation, but Kovalevich objected to the testimony and the documents were not admitted into evidence. Kovalevich argues the hotel employee's testimony created an inference that there was proof Kovalevich checked into the hotel where the offenses allegedly occurred. Kovalevich argues the testimony was improper because the registration documents were not received into evidence and there was no assurance the jury did not impermissibly contemplate this evidence. Kovalevich argues he should have been allowed to attempt to impeach the jury and question whether they considered this evidence in arriving at the verdict.

[¶ 20] The district court advised the jury it was free to talk about the case after the trial ended. Kovalevich is free to conduct an investigation and talk to the jurors. However, an attempt to use testimony from a juror " 'to demonstrate how the jury arrived at its decision falls precisely within the confines of the rule prohibiting impeachment of the jury verdict.' " *State v. Hidanovic*, 2008 ND 66, ¶ 13, 747 N.W.2d 463 (quoting *Andrews v. O'Hearn*, 387 N.W.2d 716, 719 (N.D.1986)). This Court has said:

> [J]uror affidavits "may be used to show juror misconduct based upon extraneous prejudicial information, outside influence, or a chance verdict," but may not be used to show "the effect of the misconduct on the jury." *Keyes v. Amundson*, 343 N.W.2d 78, 84–5 (N.D.1983). "Our decisions have consistently rejected jurors' affidavits about the effect of internal deliberations." *Miller v. Breidenbach*, 520 N.W.2d 869, 872 (N.D.1994).

*See also Kerzmann v. Rohweder*, 321 N.W.2d 84 (N.D.1982); *Grenz v. Werre*, 129 N.W.2d 681 (N.D.1964). "It is improper for a court to consider juror affidavits for purposes of impeaching a verdict relative to the mental processes or reasoning of the jurors in arriving at a decision." *Mauch v. Manufacturers Sales & Serv., Inc.*, 345 N.W.2d 338, 343 (N.D.1984).

*State v. Weisz*, 2002 ND 207, ¶ 12, 654 N.W.2d 416 (quoting *State v. Clark*, 1997 ND 199, ¶ 8, 570 N.W.2d 195).

[¶ 21] If a party discovers evidence that possible extraneous prejudicial information was brought to the jury's attention, the proper procedure is to cease investigation and notify the district court. *Hidanovic*, 2008 ND 66, ¶ 15, 747 N.W.2d 463. If a losing party establishes the existence of extraneous prejudicial information, the prevailing party has the burden to show the losing party could not have been prejudiced by the information. *Id.* at ¶ 16. If the court determines from testimony or affidavits that extraneous prejudicial information improperly reached the jury, the court must apply an objective standard and decide whether there is a reasonable possibility the verdict of a hypothetical average juror would be affected. *Id.; see also Keyes*, 343 N.W.2d at 85.

[¶ 22] In this case, the evidence Kovalevich claims was extraneous and prejudicial was testimony from a witness and the inferences the jury could make from the witness's testimony. Evidence of the jury's exposure to the allegedly extraneous prejudicial information already exists. Kovalevich argues he should have been allowed to inquire whether the jurors considered this evidence in arriving at the verdict. Any juror testimony resulting from Kovalevich's inquiry would only demonstrate how the jury arrived at its decision and the effect of the alleged miscon-

duct on the jury, which is evidence or testimony that is prohibited under N.D.R.Ev. 606(b). *See Keyes*, 343 N.W.2d at 85 (part of the jurors' affidavits establishing a juror viewed the accident scene without the court's permission and reported his findings to the other jurors was admissible to show juror misconduct, but the jurors' statements about the effects of the information on deliberations were not admissible).

[¶ 23] The district court did not abuse its discretion in denying Kovalevich's motion for a new trial on this issue.

## V

[¶ 24] Kovalevich argues the court erred in making various evidentiary rulings during the trial. He claims improper foundation was laid for most of the evidence the State presented and some of the evidence was cumulative and prejudicial.

## A

[¶ 25] Kovalevich argues the district court erred in admitting evidence found during a search of his residence or turned over to the police by the victim, including letters, photographs, and other tangible objects. He claims proper foundation was not laid for the admission of the evidence under N.D.R.Ev. 901.

[¶ 26] In denying Kovalevich's motion for a new trial on this issue, the district court said:

Rule 33 of the Rules of Criminal Procedure provides that the court may vacate any judgment and grant a new trial to that defendant if the interest of justice so requires. N.D.R.Crim.P. 33(a). A motion for a new trial must specify the alleged defects and errors with particularity. In *Noack*, the North Dakota Supreme Court states that courts are not ferrets and we will not consider an argument that is not adequately articu-

lated, supported, and briefed. *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389.

[Kovalevich], in his foregoing arguments, does not specify which exhibit(s) he is referring to; rather, he just makes a general statement about pictures and letters. Even if this court were to be apprised of which exhibits [Kovalevich] is referring to, his argument still may fail as there appears to be sufficient evidence for admission of the pictures and letters.

The district court provided a reasoned explanation for denying Kovalevich's motion on this issue and its decision was not arbitrary, unreasonable, or capricious. The court did not abuse its discretion.

## B

[¶ 27] Kovalevich argues the court erred in admitting evidence seized during a search of his residence. He contends "hundreds of exhibits" should have been excluded under N.D.R.Ev. 402 or 403, because the exhibits only showed that he was in a dating relationship with the victim, the exhibits did not show a sexual act occurred in Grand Forks, and the evidence was irrelevant, prejudicial, and misled the jury.

[¶ 28] The district court denied Kovalevich's motion for a new trial on this issue, holding Kovalevich failed to assert the alleged errors with any specificity. The court explained that it did not know which exhibits Kovalevich was claiming were improperly admitted and Kovalevich "provided no argument as to why any of the items of evidence that were admitted are not relevant or unfairly prejudicial."

[¶ 29] "A motion for a new trial must specify the alleged defects and errors with particularity." N.D.R.Crim.P. 33(a). Courts are not required to consider arguments not adequately supported and briefed. *State v. Cone*, 2014 ND 130, ¶ 19,

847 N.W.2d 761. Kovalevich's conclusory assertions about "hundreds of exhibits" was not sufficient. The court did not abuse its discretion by denying Kovalevich's motion on this issue.

### C

 [¶ 30] Kovalevich argues the court also erred in admitting character or prior bad acts evidence under N.D.R.Ev. 404. He claims evidence, including fla- vored lubricant, handcuffs, and a whip, was negative character evidence which was used to prove he committed the crime. He contends the court admitted the evidence without conducting the necessary analysis required by case law and without giving a limiting instruction to the jury.

[¶ 31] Evidence of a person's character or character trait is not admissible to prove that a person acted in accordance with the character or trait on a particular occasion. N.D.R.Ev. 404(a). "Evidence of a crime, wrong, or other act is not admissi- ble to prove a person's character in order to show that on a particular occasion the person acted in accordance with the char- acter." N.D.R.Ev. 404(b)(1).

[¶ 32] The district court concluded N.D.R.Ev. 404 did not preclude the admis- sion of the evidence because the victim testified the lubricant, handcuffs, and whip were with Kovalevich in Grand Forks when the crime occurred. The evidence Kovalevich argues should have been ex- cluded is evidence of the crime and was not precluded under N.D.R.Ev. 404. The court did not abuse its discretion.

### VI

[¶ 33] We conclude the district court did not err in denying Kovalevich's motion for a new trial or his motion to dismiss. We affirm the judgment.

[¶ 34] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA

FAIR McEVERS, and CAROL RON- NING KAPSNER, JJ., concur.